# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROSEMARY FREEMAN,

      Plaintiff,

v.                                        Case No: 8:14-cv-2749-T-36EAJ

WAL-MART STORES EAST, LP,

      Defendant.

_____

## <u>ORDER</u>

This cause comes before the Court on Defendant's response to the Court's Order to Show

Cause (Doc. 11). On October 31, 2014, Defendant WAL-MART STORES EAST, LP[1] removed

the instant action to this Court pursuant to 28 U.S.C. § 1446. *See* Doc. 1.  Defendant alleges that

this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is

diversity of citizenship and the matter in controversy exceeds $75,000. *See* Doc. 1.  However,

Defendant failed to sufficiently establish the amount in controversy.

      Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever

it may be lacking.  *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of South Ala. v.*

*American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  "The jurisdiction of a court over the

subject matter of a claim involves the court's competency to consider a given type of case, and

cannot be waived or otherwise conferred upon the court by the parties."  *Jackson v. Seaboard*

*Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

      When the complaint does not claim a specific amount of damages, removal from state court

is proper if it is facially apparent from the complaint that the amount in controversy exceeds the

---

[1] In the Notice of Removal, Defendant refers to itself as "Sam's East, Inc." Doc. 1 at p. 1.

jurisdictional requirement. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. *Id.* The burden of proving jurisdiction lies with the removing defendant and a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without an affirmative showing of underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *Id.* at 1319–20.

The Complaint in this action states only that it is an action for damages in excess of $15,000. Doc. 2 at ¶ 1. Thus, Defendant served Plaintiff with a Request for Admissions which, among other things, asked Plaintiff to admit that she "is alleging damages in excess of $75,000." Doc. 1-2 at p. 2. Plaintiff responded to that specific request as follows:

> The information known or readily obtainable by the Plaintiff is insufficient for the Plaintiff to admit or deny at this time. In an attempt to provide a response, Plaintiff believes that the jurisdictional and present settlement value of the case is less than $75,000 at this time inasmuch as the out of pocket medical expenses and liens total less than $4,000 and the Defendant has stated that the case if (sic) worth $0. However, the Plaintiff continues to suffer from her injuries that resulted from this incident, will likely require additional medical treatment, and it may be that in the future, the claim is indeed worth $75,000.

Doc. 1-2 at p. 5-6.

A future potential that the amount in controversy may exceed $75,000 is not sufficient to establish diversity jurisdiction. *See Brown v. Tanner Medical Center,* Case No. 3:10-cv-316-TFM, 2010 U.S. Dist. LEXIS 86566, 10-11 (M.D. Ala. Aug. 23, 2010) (where medical bills were currently low, court could not speculate that brain injury case damages exceeded jurisdictional amount); *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1213-1215 (11th Cir. 2007) (holding that if the notice of removal and accompanying documents are "insufficient to establish that removal was

proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.").

Based on this Court's question regarding the existence of subject matter jurisdiction in this action, Defendant was ordered to show cause as to why this action should not be remanded for lack of subject matter jurisdiction under 28 U.S.C. §1332. *See* Doc. 9. Defendant's response contends that Plaintiff's "unclear, equivocal response" to the Request for Admissions was designed to avoid a federal forum" and requests that the Court order Plaintiff to provide a more definitive answer within a given period of time so that Defendant may be able to remove the action again at a later date. *See* Doc. 11. However, the Court does not find Plaintiff's answer to be unclear or equivocal for purposes of the jurisdictional issue. Plaintiff has answered that, at the time of its response, the case is not worth $75,000. This response means that this court does not have jurisdiction over the case at this time. Whether that jurisdiction may arise in the future cannot be predicted, and Plaintiff noted that in her response to the Request for Admissions. In the meantime, this matter must be remanded. As this Court has no jurisdiction over this matter, it will not order Plaintiff to clarify her discovery response. Any such order would have to be issued by the state court which has jurisdiction over this matter. Accordingly, it is

**ORDERED AND ADJUDGED that:**

1. This case is **REMANDED** to the Twelfth Judicial Circuit in and for Manatee County, Florida, for all further proceedings;

2. The Clerk is directed to mail a certified copy of this Order to the Clerk of the Twelfth Judicial Circuit, Manatee County, Florida;

3. The Clerk is directed to terminate all pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2014.

3

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties